UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MICHAEL FRIEDMAN | § | Case No. 15-08289 |
| | § | |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 03/09/2015. The undersigned trustee was appointed on 03/09/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $   30,000.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 19,633.10 |
| Bank service fees | 107.46 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 10,259.44 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 07/30/2015 and the deadline for filing governmental claims was 09/08/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,541.06 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 3,541.06 , for a total compensation of $ 3,541.06 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 189.00 , for total expenses of $ 189.00 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/08/2017                By: /s/Miriam R. Stein
                                        Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-08289 | PSH | Judge: | Pamela S. Hollis | Trustee Name: | Miriam R. Stein |
|---|---|---|---|---|---|---|
| Case Name: | MICHAEL FRIEDMAN | | | | Date Filed (f) or Converted (c): | 03/09/2015 (f) |
| | | | | | 341(a) Meeting Date: | 04/15/2015 |
| For Period Ending: | 02/08/2017 | | | | Claims Bar Date: | 07/30/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. REAL PROPERTY - 505 DUNSTEN CIRCLE, NORTHBROOK, IL | 255,000.00 | 98,500.00 | | 0.00 | FA |
| 2. CASH ON HAND (VARIES) | 100.00 | 0.00 | | 0.00 | FA |
| 3. BANK ACCOUNT (BALANCE VARIES) | 150.00 | 0.00 | | 0.00 | FA |
| 4. ORDINARY HOUSEHOLD GOODS AND FURNISHINGS, INCLUDING ELECTRON | 1,000.00 | 0.00 | | 0.00 | FA |
| 5. FAMILY PICTURES, BOOKS, ETC. (NO OBJECTIVE VALUE) | 100.00 | 0.00 | | 0.00 | FA |
| 6. LOT OF ORDINARY AND NECESSARY WEARING APPAREL | 1,000.00 | 0.00 | | 0.00 | FA |
| 7. WATCH, WEDDING RING, ETC. | 100.00 | 0.00 | | 0.00 | FA |
| 8. ORDINARY SPORTS AND HOBBY EQUIPMENT | 50.00 | 50.00 | | 0.00 | FA |
| 9. LIFE INSURANCE POLICY (NO CSV, WIFE IS PRIMARY BENEFICIARY) | Unknown | Unknown | | 0.00 | FA |
| 10. LIFE ANNUITY FOR RETIREMENT(VARIABLE ANNUALLY) | 30,000.00 | 0.00 | | 0.00 | FA |
| 11. IRA | 69,000.00 | 0.00 | | 0.00 | FA |
| 12. STOCK - SEE FORM 1 NOTES BELOW | Unknown | Unknown | | 0.00 | FA |
| 13. STOCK - SEE ASSET NOTES BELOW | Unknown | Unknown | | 0.00 | FA |
| 14. 2001 ACURA MDX WITH 180K MILES | 1,900.00 | 300.00 | | 0.00 | FA |
| 15. 2011 HARVEY DAVIDSON (TITLE IN DEBTOR'S NAME BUT RIDER'S NEE | 9,000.00 | 0.00 | OA | 0.00 | FA |
| 16. TOOLS OF THE TRADE (CARPENTRY/CONSTRUCTION TOOLS) | 1,500.00 | 0.00 | | 0.00 | FA |
| 17. FRAUDULENT TRANSFER COMPLAINT (u) | 0.00 | 30,000.00 | | 30,000.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $368,900.00 | $128,850.00 | | $30,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

THE TRUSTEE IS PREPARING A FINAL REPORT FOR SUBMISSION TO THE UST FOR REVIEW.

| | | | |
|---|---|---|---|
| RE PROP # | 1 | -- | Debtor taking exemption under: 735 ILCS 5 12-901735 ILCS 5 12-901 and 11 USC 522(b)(3)(B) <br> TRUSTEE HAS FILED FRAUDULENT TRANSFER COMPLAINT AND OBJECTION TO EXEMPTIONS. |
| RE PROP # | 12 | -- | PYA (NOT A SEPARATE ENTITY - IT IS "PRIOR YEAR'S ADJUSTMENTS from tax return, related to Rider's Needs, Inc.) (no longer operating) |
| RE PROP # | 13 | -- | RIDER'S NEEDS, INC. SHOWN AS OWNER ALTHOUGH IT WAS SON'S BUSINESS (in liquidation) |
| RE PROP # | 17 | -- | Stein v. Freidman and Alla Rubina; Case No. 15-00405 |

Initial Projected Date of Final Report (TFR): 05/31/2016       Current Projected Date of Final Report (TFR): 02/01/2017

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | | |
|---|---|---|
| Case No: 15-08289 | Trustee Name: | Miriam R. Stein |
| Case Name: MICHAEL FRIEDMAN | Bank Name: | Associated Bank |
| | Account Number/CD#: | XXXXXX8754 |
| | | Checking |
| Taxpayer ID No: XX-XXX4056 | Blanket Bond (per case limit): | |
| For Period Ending: 02/08/2017 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/09/16 | 17 | Andrew J. Maxwell Client Trust Account<br>105 W. Adams Street, Suite 3200<br>Chicago, IL 60603 | Settlement Payment - Order dated 7/19/16 | 1241-000 | $30,000.00 | | $30,000.00 |
| 09/08/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $31.64 | $29,968.36 |
| 10/06/16 | 101 | LAW OFFICES OF ZANE L. ZIELINSKI, P.C.<br>6336 NORTH CICERO AVE., SUITE 201<br>CHICAGO, IL 60646 | Court Order dated 10/4/16 | | | $13,548.10 | $16,420.26 |
| | | LAW OFFICES OF ZANE L. ZIELINSKI | ($13,195.00) | 3210-000 | | | |
| | | LAW OFFICES OF ZANE L. ZIELINSKI | ($353.10) | 3220-000 | | | |
| 10/06/16 | 102 | FACTORLAW<br>105 W. Madison, Suite 1500<br>Chicago, IL 60602 | Court Order dated 10/4/16 | | | $6,085.00 | $10,335.26 |
| | | LAW OFFICES OF WILLIAM J. FACTOR LTD. | ($5,720.00) | 3210-000 | | | |
| | | LAW OFFICES OF WILLIAM J. FACTOR LTD. | ($365.00) | 3220-000 | | | |
| 10/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $43.12 | $10,292.14 |
| 11/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $32.70 | $10,259.44 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $30,000.00 | $19,740.56 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $30,000.00 | $19,740.56 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $30,000.00 | $19,740.56 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $30,000.00 $19,740.56

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX8754 - Checking | $30,000.00 | $19,740.56 | $10,259.44 |
| | $30,000.00 | $19,740.56 | $10,259.44 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $30,000.00 |
| Total Gross Receipts: | $30,000.00 |

**Exhibit C**

## Analysis of Claims Register

### Case: 15-08289-PSH MICHAEL FRIEDMAN

| Claim # | Date | Pri | Claimant Proof/<Category>/Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| | | | **Ch. 7 Admin Claims** | | | | | |
| | | 100 | Miriam R. Stein<br>30 South Wacker Drive<br>Suite 2600<br>Chicago, IL 60606<br><2100-00 Trustee Compensation> | 3,541.06 | 3,541.06 | 0.00 | 3,541.06 | 3,541.06 |
| | | 100 | Miriam R. Stein<br>30 South Wacker Drive<br>Suite 2600<br>Chicago, IL 60606<br><2200-00 Trustee Expenses> | 189.00 | 189.00 | 0.00 | 189.00 | 189.00 |
| | | 100 | LAW OFFICES OF ZANE L. ZIELINSKI<br>6336 N. CICERO AVE., SUITE 201<br>CHICAGO, IL 60646<br><3210-00 Attorney for Trustee Fees (Other Firm)> | 13,195.00 | 13,195.00 | 13,195.00 | 0.00 | 0.00 |
| | | 100 | LAW OFFICES OF ZANE L. ZIELINSKI<br>6336 N. CICERO AVE., SUITE 201<br>CHICAGO, IL 60646<br><3220-00 Attorney for Trustee Expenses (Other Firm)> | 353.10 | 353.10 | 353.10 | 0.00 | 0.00 |
| | | 100 | LAW OFFICES OF WILLIAM J. FACTOR LTD.<br>105 W. MADISON, SUITE 1500<br>CHICAGO, IL 60602<br><3210-00 Attorney for Trustee Fees (Other Firm)> | 5,720.00 | 5,720.00 | 5,720.00 | 0.00 | 0.00 |
| | | 100 | LAW OFFICES OF WILLIAM J. FACTOR LTD.<br>105 W. MADISON, SUITE 1500<br>CHICAGO, IL 60602<br><3220-00 Attorney for Trustee Expenses (Other Firm)> | 365.00 | 365.00 | 365.00 | 0.00 | 0.00 |
| | | 100 | ALAN D. LASKO & ASSOCIATES PC<br>205 W. Randolph Street<br>Suite 1150<br>Chicago, IL 60606<br><3410-00 Accountant for Trustee Fees (Other Firm)> | 1,479.88 | 1,479.88 | 0.00 | 1,479.88 | 1,479.88 |
| | | 100 | ALAN D. LASKO & ASSOCIATES PC<br>205 W. Randolph Street<br>Suite 1150<br>Chicago, IL 60606<br><3420-00 Accountant for Trustee Expenses (Other Firm)> | 22.00 | 22.00 | 0.00 | 22.00 | 22.00 |
| | | | **Total for Priority 100   100.00 % Paid** | **24,865.04** | **24,865.04** | **19,633.10** | **5,231.94** | **5,231.94** |
| | | | **Total for Ch. 7 Admin Claims:** | **24,865.04** | **24,865.04** | **19,633.10** | **5,231.94** | **5,231.94** |

**Exhibit C**

## Analysis of Claims Register

### Case: 15-08289-PSH MICHAEL FRIEDMAN

| Claim # | Date | Pri | Claimant Proof/<Category>/Memo | Amount Filed | Amount Allowed | Paid to Date | Claim Balance | Proposed Payment |
|---|---|---|---|---|---|---|---|---|
| **Unsecured Claims** | | | | | | | | |
| 1 | 05/21/15 | 300 | CAPITAL ONE BANK USA, N.A.<br>Capital One Bank (Usa), N.A.<br>Po Box 71083<br>Charlotte, Nc 28272-1083<br><7100-00 General Unsecured 726(a)(2)> | 124.04 | 124.04 | 0.00 | 124.04 | 124.04 |
| 2 | 06/18/15 | 300 | WESTERN POWER SPORTS, INC.<br>C/O JAY K. LEVY & ASSOCIATES<br>PO BOX 1181<br>EVANSTON, IL 60201<br><7100-00 General Unsecured 726(a)(2)> | 171,845.36 | 2,800.00 | 0.00 | 2,800.00 | 2,800.00 |
| | | | Total for Priority 300   100.48 % Paid | 171,969.40 | 2,924.04 | 0.00 | 2,924.04 | 2,924.04 |
| | | | Total for Unsecured Claims: | 171,969.40 | 2,924.04 | 0.00 | 2,924.04 | 2,924.04 |
| **Secured Claims** | | | | | | | | |
| | | 999 | MICHAEL FRIEDMAN<br>505 DUNSTEN CIRCLE<br>NORTHBROOK, IL  60062<br><8200-00 Surplus Funds Paid to Debtor 726 (a)(6) (includes Payments to shareholders and limited partners)> | 2,089.38 | 2,089.38 | 0.00 | 2,089.38 | 2,089.38 |
| | | | Total for Priority 999   100.00 % Paid | 2,089.38 | 2,089.38 | 0.00 | 2,089.38 | 2,089.38 |
| | | | Total for Secured Claims: | 2,089.38 | 2,089.38 | 0.00 | 2,089.38 | 2,089.38 |
| **Interest Claims** | | | | | | | | |
| 1i | 05/21/15 | 640 | CAPITAL ONE BANK USA, N.A.<br>Capital One Bank (Usa), N.A.<br>Po Box 71083<br>Charlotte, Nc 28272-1083<br><7990-00 Surplus Case interest on General Unsecured 726(a)(2)> | 0.60 | 0.60 | 0.00 | 0.60 | 0.60 |
| 2i | 06/18/15 | 640 | WESTERN POWER SPORTS, INC.<br>C/O JAY K. LEVY & ASSOCIATES<br>PO BOX 1181<br>EVANSTON, IL 60201<br><7990-00 Surplus Case interest on General Unsecured 726(a)(2)> | 13.48 | 13.48 | 0.00 | 13.48 | 13.48 |
| | | | Total for Priority 640   100.00 % Paid | 14.08 | 14.08 | 0.00 | 14.08 | 14.08 |
| | | | Total for Interest Claims: | 14.08 | 14.08 | 0.00 | 14.08 | 14.08 |
| | | | **Total for Case:** | 198,923.82 | 29,878.46 | 19,633.10 | 10,245.36 | 10,259.44 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-08289  
Case Name: MICHAEL FRIEDMAN  
Trustee Name: Miriam R. Stein

| | | |
|---|---|---|
| Balance on hand | $ | 10,259.44 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Miriam R. Stein | $ 3,541.06 | $ 0.00 | $ 3,541.06 |
| Trustee Expenses: Miriam R. Stein | $ 189.00 | $ 0.00 | $ 189.00 |
| Attorney for Trustee Fees: LAW OFFICES OF WILLIAM J. FACTOR LTD. | $ 5,720.00 | $ 5,720.00 | $ 0.00 |
| Attorney for Trustee Expenses: LAW OFFICES OF WILLIAM J. FACTOR LTD. | $ 365.00 | $ 365.00 | $ 0.00 |
| Accountant for Trustee Fees: ALAN D. LASKO & ASSOCIATES PC | $ 1,479.88 | $ 0.00 | $ 1,479.88 |
| Accountant for Trustee Expenses: ALAN D. LASKO & ASSOCIATES PC | $ 22.00 | $ 0.00 | $ 22.00 |
| Other: LAW OFFICES OF ZANE L. ZIELINSKI | $ 13,195.00 | $ 13,195.00 | $ 0.00 |
| Other: LAW OFFICES OF ZANE L. ZIELINSKI | $ 353.10 | $ 353.10 | $ 0.00 |

| | | |
|---|---|---|
| Total to be paid for chapter 7 administrative expenses | $ | 5,231.94 |
| Remaining Balance | $ | 5,027.50 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00  must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 2,924.04  have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be  100.0  percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | CAPITAL ONE BANK USA, N.A. | $ 124.04 | $ 0.00 | $ 124.04 |
| 2 | WESTERN POWER SPORTS, INC. | $ 2,800.00 | $ 0.00 | $ 2,800.00 |
| | Total to be paid to timely general unsecured creditors | | | $ 2,924.04 |
| | Remaining Balance | | | $ 2,103.46 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.3 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 14.08 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 2,089.38 .